UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM H.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:19-CV-6148-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly evaluated the opinions of Dr. Patrick De Marco and Mr. Jeffrey Billingsley. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On September 17, 2018, Plaintiff filed an application for DIB, alleging disability as of April 21, 2017. *See* Dkt. 6, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Lawrence Lee on July 2, 2019. *See* AR 15. In a decision dated July 26, 2019, the ALJ determined Plaintiff to be not disabled. *See* AR 29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; (2) evaluating Plaintiff's testimony; and (3) assessing Plaintiff's residual functional capacity ("RFC"). Dkt. 10. Plaintiff asks this Court to remand this case for an award of benefits. *Id*. at 18-19.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in evaluating the opinions of Dr. De Marco, Dr. Russell Faria, Dr. Robert Sise, and Mr. Billingsley.[1] Dkt. 10, pp. 3-11.

---

[1] Plaintiff also alleges the ALJ erred in his consideration of other medical evidence and findings that support the opinions of Dr. De Marco, Dr. Faria, Dr. Sise, and Mr. Billingsley, as well as Plaintiff's testimony. *See*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

A. <u>Standard of Review</u>

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff filed his claim for DIB on April 21, 2017, the ALJ applied the new regulations. *See* AR 15.

In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR") 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-5868 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most

---

Dkt. 10, pp. 9-11. Plaintiff fails to allege any particularized error with respect to this medical evidence and findings. *See id.* As such, the Court will not consider whether the ALJ properly evaluated the other medical evidence and findings. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b),

416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

### B. Dr. De Marco

Dr. De Marco, Plaintiff's treating psychologist, diagnosed Plaintiff with pain disorder and somatoform disorder, unspecified. AR 315, 436. After conducting several psychological tests, Dr. De Marco opined the tests "indicate severe depression" and "anxiety caused by severe pain." AR 436. Dr. De Marco also identified many symptoms and limitations as a result of Plaintiff's conditions, including serious limitations in Plaintiff's ability to maintain attention for a two-hour segment of work, accept instructions and respond appropriately to criticism from supervisors, set realistic goals or make plans independently of others, and interact appropriately with the general public. AR 440. Dr. De Marco found Plaintiff's impairments would cause him to be absent from work more than four days a month. AR 440.

The ALJ discussed Dr. De Marco's opinion and found the opinion was not persuasive for four reasons: (1) because Dr. De Marco provided very little explanation of the evidence he relied on in forming his opinion; (2) he only treated Plaintiff for a short period and "more than a year" prior to when he issued his opinion of Plaintiff's limitations; (3) the opinion is inconsistent with

other providers' fairly unremarkable physical exams; and (4) the opinion is inconsistent with Plaintiff's ability to attend college with no formal accommodations. AR 25.

First, the ALJ found Dr. De Marco's opinion not persuasive because the opinion is conclusory and lacks sufficient explanation. AR 25. An ALJ may "permissibly reject" a physician's reports "that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But a physician's opinion cannot be rejected if the opinion is supported by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015). Here, Plaintiff received treatment from Dr. De Marco over eight sessions in three months. AR 310-315, 436-441. Dr. De Marco noted Plaintiff had been "trying very hard [to] work through [his] depression and anxiety", but still needed "supportive cognitive psychotherapy" due to his depression and anxiety. AR 311, 313.

Dr. De Marco assessed Plaintiff for possible Asperger symptoms, where Plaintiff "reached a score of 151 which is suggestive of a moderate to high probability of having this condition." AR 315. Dr. De Marco conducted several tests which indicated Plaintiff had severe depression and anxiety. AR 436. He completed examinations of Plaintiff in order to assess his mental abilities and aptitudes needed to do work and found Plaintiff was seriously limited or unable to meet competitive standards in several functional areas. AR 438-439. Thus, Dr. De Marco's treatment notes could reasonably support the limitations he assessed. Therefore, the ALJ's finding that Dr. De Marco's opinion is not persuasive because it is conclusory and does not contain adequate explanation is not free of legal error and supported by substantial evidence.

Second, the ALJ found Dr. De Marco's opinion was not persuasive because he treated Plaintiff for a short period of time and completed his treatment of Plaintiff "more than a year prior" to when he issued his opinion. AR 25. Here, the ALJ did not specifically discuss how Dr. De Marco's short treating relationship with Plaintiff or how issuing the opinion a year after his treatment of Plaintiff undermines the supportability and consistency of his opinion. The ALJ does not cite to, nor does the Court find, that ALJs may find a medical opinion not persuasive solely because the length of relationship between the claimant and the doctor was short. In fact, this appears to run counter to the new regulations. *See* 20 C.F.R. 404.1520c(a), (b). Nor does the Court find any evidence that issuing an opinion a year after the treatments ended necessarily undermines the potential relevancy of the opinion. Accordingly, the ALJ's second reason for finding Dr. De Marco's opinion not persuasive is not free of legal error and supported by substantial evidence.

Third, the ALJ found Dr. De Marco's opinion not persuasive because it is inconsistent with the "fairly unremarkable mental status exams ["MSEs"] of treating mental health professionals." AR 25. The ALJ specifically notes that "treating psychologists found [Plaintiff] was alert and attentive, and had appropriate affect, unimpaired memory, concentration and attention, and linear and goal directed thought process." AR 25 (citations omitted). An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). But it is error for an ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

1    Here, the ALJ cited MSEs containing fairly unremarkable findings from four different
2 mental health providers. *See* AR 25, quoting 747-748, 752-753, 775-776, 798-799. But the ALJ
3 failed to acknowledge other providers also made observations which were abnormal. For
4 example, one provider observed Plaintiff showed an agitated appearance and behavior, was
5 behaving anxiously, and had a dysphoric or depressed mood with congruent affect. AR 743.
6 Another provide noted Plaintiff's mood was "[d]ysphoric but not despondent, despairing,
7 irritable [and] anxious" and also found his affect was "appropriate to mood[.]" AR 459. Plaintiff
8 was noted to be anxious with a congruent affect several other times. *See* AR 753, 775-776, 799.
9 Thus, the ALJ's selective focus on evidence which supports his conclusion is error. *See*
10 *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or
11 misstate competent evidence in order to justify a conclusion). Accordingly, the ALJ's finding
12 that Dr. De Marco's opinion is not persuasive because it is inconsistent with some of the MSEs
13 of record is not free of legal error and supported by substantial evidence.
14    Fourth, the ALJ found Dr. De Marco's opinion not persuasive because Plaintiff was
15 able to "attend college for about a year with no formal accommodations." AR 25. Courts have
16 repeatedly stated that "a person's ability to engage in personal activities … does not constitute
17 substantial evidence that he or she has the functional capacity to engage in substantial gainful
18 activity." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see also O'Connor v. Sullivan*,
19 938 F.2d 70, 73 (7th Cir. 1991) ("The conditions of work are not identical to those of home life").
20 Plaintiff's ability to attend college with no formal accommodations does not necessarily show he
21 could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See*
22 SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to
23 attend college with no formal accommodations shows he could sustain a full-time work schedule.
24

*See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522-523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Finally, the Court notes Plaintiff was unable to manage the pressure of attending college and testified he withdrew from his classes as a result. AR 48. Thus, the ALJ's fourth reason for finding Dr. De Marco's opinion not persuasive is not free of legal error and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ has failed to provide legally valid reasons supported by substantial evidence for finding Dr. De Marco's opinion not persuasive. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ found Dr. De Marco's opinion persuasive, the ALJ may have included additional limitations in the RFC. For example, Dr. De Marco found Plaintiff's impairments would cause him to be absent from work more than four days a month. AR 440. In the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 19. Therefore, if Dr. De Marco's opinion was found to be persuasive and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess Dr. De Marco's opinion on remand.

C. Dr. Faria

Dr. Faria completed an examination of Plaintiff at the request of the Washington Department of Health and Human Services in October 2018. AR 516-524. Dr. Faria opined, in relevant part, that Plaintiff was limited to only occasional bending and no prolonged standing or walking. AR 522. The ALJ discussed Dr. Faria's opinion and found it persuasive. AR 26.

Plaintiff argues the ALJ erred by failing to include in the RFC that Plaintiff is limited to only occasional bending and no prolonged standing or walking. *See* Dkt. 10, pp. 7-8. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence."

*Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

The RFC states, in relevant part, Plaintiff "can occasionally climb ramps and stairs, balance, stoop, kneel and crouch" and "needs a sit-stand option every 30 minutes for 5 to 10 minutes without being off task." AR 19. The Court notes that although the ALJ did not specifically use the word "bending" in the RFC, he did limit Plaintiff to occasional stooping. "Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist." SSR 83-10, available at 1983 WL 31251 at *6. Further, Plaintiff failed to articulate how the RFC providing a "sit-stand option every 30 minutes for 5 to 10 minutes" does not sufficiently account for Dr. Faria's opinion that Plaintiff is limited to no prolonged standing or walking. *See* Dkt. 10, p. 8. *See Carmickle*, 533 F.3d at 1161. Accordingly, the Court finds these limitations sufficiently account for Dr. Faria's opinion that Plaintiff is limited to only occasional bending and no prolonged standing or walking. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (it is the ALJ's responsibility to translate and incorporate clinical findings into a succinct RFC).

### D. Dr. Sise

Dr. Sise completed a comprehensive psychiatric evaluation of Plaintiff in October 2018 and opined Plaintiff was limited in his ability to perform detailed and complex tasks and perform work activities on a consistent basis without special or additional instructions. AR 532. He also opined Plaintiff was limited in his ability to maintain regular attendance in the workplace and complete a normal workday without interruptions due to his symptoms. AR 532. Dr. Sise diagnosed Plaintiff with major depressive disorder, unspecified anxiety disorder, agoraphobia with panic attacks, and PTSD. AR 531.

1    The ALJ discussed Dr. Sise's opinion and found it not persuasive for two reasons:

2    (1) The opinion is not persuasive because it uses vague terms ("fair" and
     "limited") that do not specifically describe the claimant's level of functioning. (2)
3    Furthermore, it appears the doctor relied heavily on the claimant's subjective
     report of symptoms and limitations ("based on his symptoms"), which are not
4    entirely consistent with the record for the reasons discussed in this decision.

5  AR 26 (numbering added).

6    First, the ALJ found Dr. Sise's opinion not persuasive because the opinion contains

7  vague terms that "do not specifically describe [Plaintiff's] level of functioning." AR 26.

8    An ALJ need not discuss evidence that is neither significant nor probative. *See Howard*

9  *ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir.2003); *Vincent*, 739 F.2d at 1395. A

10 doctor's opinion devoid of any opined limitations is not significant or probative. *See*, *e.g.*,

11 *Hughes v. Colvin*, No. C13-0143-MAT, 2013 WL 11319016, at *3 (W.D. Wash. Aug. 14, 2013),

12 *aff'd,* 599 F. App'x 765 (9th Cir. 2015) (citing *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d

13 1217, 1223 (9th Cir. 2010) (explaining that where a doctor's opinion does not assign any specific

14 limitations, an ALJ need not provide reasons for rejecting the opinion because none of the

15 conclusions were actually rejected)). Dr. Sise's opinion does not contain any specific limitations

16 related to Plaintiff's impairments. Thus, given that Dr. Sise did not assign any specific

17 limitations to Plaintiff during the comprehensive psychiatric evaluation, the ALJ did not err in

18 finding the opinion not persuasive because no conclusions were actually rejected.

19   While the ALJ provided an additional reason for finding Dr. Sise's opinion not

20 persuasive, the Court declines to consider whether this reason contained error, as any error

21 would be harmless because the ALJ gave a reason free of legal error supported by substantial

22 evidence to find the opinion not persuasive. *See* AR 26; *Presley-Carrillo v. Berryhill*, 692 F.

23 Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162) (noting that although

24

an ALJ erred with regard to one reason he gave to discount a medical source, "this error was harmless because the ALJ gave a reason supported by the record" to discount the source). Accordingly, the Court finds the ALJ provided a reason free of legal error that is supported by substantial evidence for finding Dr. Sise's opinion not persuasive.

### E. Mr. Billingsley

Mr. Billingsley, Plaintiff's treating physical therapist, completed a residual functional capacity questionnaire in September 2018. AR 507-511. He opined Plaintiff had significant limitations including sitting, standing, or walking less than two hours in an 8-hour work day and requiring unscheduled breaks every two hours in an 8-hour work day. AR 509-510. Mr. Billingsley also opined Plaintiff would miss more than four days of work per month as a result of his impairments. AR 511.

The ALJ found Mr. Billingsley's opinion not persuasive for two reasons:

> The opinion is not persuasive because (1) it is inconsistent with treatment providers' fairly unremarkable physical exams. Specifically, Dr. Bannister found he had no spasm or tenderness of the back, intact sensation and full strength in the lower extremity, negative straight leg raise test, and normal gait; Dr. Olivera found he had normal range of motion of the back, normal strength, and no focus neurological deficit; Dr. Jereza found he had normal range of motion and no tenderness; and other treatment providers repeatedly found he had normal gait. (2) In addition, the questionnaire has portions that are beyond this provider's area of expertise.

AR 25 (citations omitted) (numbering added).

First, the ALJ found Mr. Billingsley's opinion not persuasive because it is inconsistent with exams of Plaintiff in the record. AR 25. An ALJ can discount a medical opinion due to inconsistencies between that opinion and contemporaneous treatment records. *Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013) (citing *Carmickle*, 533 F.3d at 1165); *see also Alonzo*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (the most important factors an ALJ

should consider is the supportability and consistency of an opinion). But, an ALJ must explain his reasoning and cannot reject a physician's opinion in a vague or conclusory manner. *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-422. The ALJ must state his interpretations and explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d at 421-422.

Here, the ALJ cited to several records indicating normal findings. For example, in one instance, Plaintiff's provider observed he had no spasm or tenderness of the back, intact sensation and full strength in the lower extremity, negative straight leg raise test, and normal gait. AR 334-335. Another provider found Plaintiff had normal range of motion of the back, normal strength, and no focus neurological deficit. AR 424. The ALJ failed to explain how the findings he cited undermine Mr. Billingsley's opinion. *See* AR 25. Further, the ALJ failed to explain which portion of Mr. Billingsley's opinion is contradicted by the findings he cited to. *See* AR 25. The ALJ "merely states" these observations "point toward an adverse conclusion" but "makes *no effort to relate* any of these" observations to "the specific medical opinions and findings he rejects." *Embrey,* 849 F.2d at 421 (emphasis added). "This approach is inadequate." *Id.* Moreover, the Court notes Mr. Billingsley also observed Plaintiff with a normal gait, which could indicate Mr. Billingsley did not find a normal gait as significant to forming his opinion. *See* AR 508. Accordingly, the ALJ's citation without explanation to findings of normal gait do not support the ALJ's conclusion. Therefore, the ALJ's first reason for finding Mr. Billingsley's opinion not persuasive is not free of legal error and supported by substantial evidence.

Second, the ALJ found Mr. Billingsley's opinion not persuasive because "the questionnaire has portions that are beyond [Mr. Billingsley's] area of expertise." Again, the

1  ALJ's reasoning is conclusory, as he did not provide any explanation. Without further

2  clarification, the Court is unable to determine what portions of Mr. Billingsley's opinion the

3  ALJ is referring to. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th

4  Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to

5  meaningfully determine whether the ALJ's conclusions were supported by substantial

6  evidence"). Accordingly, the ALJ's second reason for finding Mr. Billingsley's opinion not

7  persuasive is not free of legal error and supported by substantial evidence.

8       For the above stated reasons, the Court finds the ALJ has failed to provide legally valid

9  reasons supported by substantial evidence for finding Mr. Billingsley's opinion not persuasive.

10  Accordingly, the ALJ is directed to reassess Mr. Billingsley's opinion on remand.

11       **II.    Whether the ALJ properly considered Plaintiff's testimony.**

12       Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

13  Plaintiff's testimony about his symptoms and limitations. Dkt. 10, pp. 11-17. The Court

14  concludes the ALJ committed harmful error in assessing the opinions of Dr. De Marco and Mr.

15  Billingsley. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new

16  testimony on remand and because the ALJ's reconsideration of the medical evidence may impact

17  his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony

18  on remand.

19       **III.    Whether the ALJ properly determined Plaintiff's RFC.**

20       Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at step

21  five of the sequential evaluation process because the RFC and hypothetical questions to the VE

22  did not contain all Plaintiff's functional limitations. Dkt. 10, pp. 17-18. The Court concludes

23  the ALJ committed harmful error when he failed to properly consider the opinions of Dr. De

24

1  Marco and Mr. Billingsley and is directed to re-evaluate them on remand. *See* Section I, *supra*.

2  The ALJ must therefore reassess the RFC on remand. *See* SSR 96-8p ("[t]he RFC assessment

3  must always consider and address medical source opinions."); *Valentine*, 574 F.3d at 690 ("an

4  RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must

5  reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at step five to

6  determine if there are jobs existing in significant numbers in the national economy Plaintiff can

7  perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22,

8  2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE

9  defective when the ALJ did not properly consider a doctor's findings).

**IV.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 10, pp. 18-19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has directed the ALJ to reconsider the opinions of Dr. De Marco and Mr. Billingsley on remand. *See* Section I, *supra*. The Court has also directed the ALJ to reconsider Plaintiff's testimony. *See* Section II, *supra*. For these reasons, the Court finds there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and his ability to perform jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of August, 2020.

David W. Christel
United States Magistrate Judge